Richard A. Boeckman Barton County Attorney Courthouse Great Bend, Kansas 67530
Dear Mr. Boeckman:
You request our opinion regarding whether a county commission is required to provide grave markers for a deceased veteran. Specifically, you ask whether the Barton county commissioners are no longer required to provide a grave marker for deceased veterans since the repeal of K.S.A. 73-430 (Weeks 1972) in 1977.
The repealed K.S.A. 73-430 (Weeks 1972) stated:
 "The county commissioners of each of the counties of this state are hereby authorized and empowered to provide and furnish a suitable metal grave marker to be placed at the grave of each honorably discharged solder, sailor or marine . . . who are buried within their respective counties. The cost of such grave markers shall not exceed the sum of five dollars each."
The statute did not require the county commissioners to purchase grave markers. The statute simply "authorized and empowered" the county commissioners to do so if they desired such action. It is for this reason that the statute was repealed in 1977, three years after the advent of county home rule. L. 1974, ch. 110, § 2.
Although the county commissioners were not required to provide grave markers under the old K.S.A. 73-430 (Weeks 1972), if they did provide markers, they were specifically required to provide metal grave markers. Originally, in 1977, the proposed amendment to K.S.A. 73-430 (Weeks 1972) would have deleted the word "metal" and authorized counties to provide grave markers of "any appropriate material" because plastic markers were less expensive. 1977 Senate Bill No. 39, as introduced. Obviously, the five dollar limit was being overlooked. The senate committee on local government concluded that the home rule powers under K.S.A. 19-101a gave the counties the flexibility to provide grave markers if the counties desired, so the legislature repealed K.S.A. 73-430 (Weeks 1972) instead of amending it. See Minutes, House Committee on Local Government, March 8, 1977; Minutes, Senate Committee on Local Government, January 18, 1977.
For unknown reasons, K.S.A. 73-431 and 73-432 have not been repealed. It is our opinion that these statutes do not apply since both rely on K.S.A. 73-430 which has been repealed. Furthermore, although K.S.A.73-301 and 73-302 remain current statutes, they only apply to honorably discharged Union veterans "who served in the Union army or navy in the war of 1861-'65, known as the Civil War'" and a wife or widow of a Union veteran, and they must have died without sufficient means to defray funeral expenses. Thus, the only situation in which a county is required by statute to provide a grave marker is for a Union veteran of the Civil War, his wife or widow, in certain situations.
While this provision might seem obsolete, it is conceivable that there is the widow of a union veteran still living. Samuel Dinsmoor (known for his Garden of Eden in Lucas, Kansas), served in the civil war when he was in his early 20s and later, at the age at the age of 81, married a 21 year old woman. Although Samuel died at the age of 89 in 1932, his widow survived until 1995 when she passed away at the age of 95. The statutory obligation would also apply if the body of a union veteran were discovered in an unmarked grave. K.S.A. 73-304, 73-305 and 73-306 require a county to pay certain amounts toward the cost of moving the body of certain veterans buried in unmarked graves, paupers' cemeteries, and abandoned cemeteries.
Although the Barton county commissioners are not required to provide grave markers for deceased veterans under K.S.A. 73-431 et seq., they are not prevented from doing so. K.S.A. 19-101a, home rule powers permit the county commissioners to transact county business as it deems appropriate. It is our opinion that none of the limitations outlined in K.S.A. 19-101a, as amended by L. 1996, ch. 68, § 2, apply to this situation and that providing grave markers for veterans is a valid public purpose.
In summary, it is our opinion that the Barton county commissioners are not required to provide grave markers for deceased veterans. Also, it is our opinion that under home rule, the Barton county commissioners do not need authorization from the Kansas legislature if they wish to provide grave markers.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm